***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

_____
:
FRANKLIN SMITH and                  :
THOMAS WATSON, on behalf of         :
themselves and all others similarly :
situated,                           :
                                    :
      Plaintiffs,              :   Civil Action No. 08-5724 (FLW)
                                    :
    v.                            :
                                    :   OPINION
RUBIN & RAINE OF NEW JERSEY,        :
LLC                                 :
    and                           :
                                    :
VINCENT G. RAINE, JR.,              :
                                    :
      Defendants.              :
_____:

**WOLFSON, United States District Judge:**

      Presently before the Court is a Motion to Dismiss brought by Defendants Rubin & Raine of New Jersey, LLC and Vincent G. Raine, Jr. (collectively, "Defendants") to dismiss the Complaint of Plaintiffs Franklin Smith ("Smith") and Thomas Watson ("Watson") on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"). In their Complaint, Plaintiffs allege that Defendants engaged in abusive, deceptive and unfair practices in the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The Court has reviewed the parties' submissions and, for the reasons stated below, Defendants' Motion to Dismiss is granted.

**I. Factual Background and Procedural History**

Because Defendants move for dismissal pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6), the Court will assume the facts as alleged in Plaintiffs' Complaint are true.

On November 19, 2008, Smith filed a putative class-action Complaint ("Initial Complaint") against Rubin & Raine of New Jersey, LLC, Vincent G. Raine, Sr., and Vincent G. Raine, Jr. In the Initial Complaint, Smith alleged violations of 15 U.S.C. §§ 1692g(a)(3), (4), and (5) based on a debt-collection letter sent to him by the Defendants on or about April 1, 2008 ("April 2008 Letter").

On March 30, 2009, Smith, now joined by Watson, filed an Amended Complaint against Defendants[1] alleging violations of 15 U.S.C. §§ 1692e(2), (10), and (12) based on a letter sent to Smith "on or about January 11, 2008" ("January 11, 2008 Letter") and a letter sent to Watson "some time after January 1, 2008" ("January 1, 2008 Letter") (collectively "January 2008 Letters"); both of these letters were undated. Am. Compl. ¶¶ 13, 14; Am. Compl. Ex. A; Am. Compl. Ex. B. Specifically, Plaintiffs allege that Defendants mailed to them collection letters stating that "the above account has, for value received, been assigned to us for collection." Am. Compl. ¶ 18; Am. Compl. Ex. A; Am. Compl. Ex. B. Plaintiffs claim that these letters violated the FDCPA in three ways. First, Plaintiffs allege that these letters falsely represent the character and legal status of the debts, in violation of Section 1692(e)(2)(a), by implying that Defendants have an ownership interest in the debts. Am. Compl. ¶¶ 15-22 . Next, Plaintiffs allege that the letters falsely represent that Defendants are the current owners of the debt in violation of Section

---

[1] The Amended Complaint does not name Vincent G. Raine, Sr. as a defendant , but includes Rubin & Raine of New Jersey, LLC and Vincent G. Raine, Jr.

1692(e)(10). Am. Compl. ¶¶ 23-27. Finally, Plaintiffs allege that the letters create the false implication that the accounts have been turned over to an innocent purchaser for value in violation of Section 1692(e)(12). Am. Compl. ¶¶ 28-33. The Amended Complaint omits all references to the April 2008 Letter and violations of 15 U.S.C. § 1692g.

On May 18, 2009, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that Plaintiffs' claims are barred by the statute of limitations and, in the alternative, that Plaintiffs have failed to state a claim for which relief can be granted. Plaintiffs filed opposition in which they argue that questions of fact exist with regard to the date on which the statute of limitations began to run, that equitable considerations must toll the limitations period in this case, and that they have indeed stated a claim for which relief is requested, as Defendants' letters used deceptive language. For the reasons discussed herein, Defendants' Motion is granted and Plaintiffs' claims are dismissed as time-barred.[2]

## II. Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language

---

[2] The Court need not reach the merits of Plaintiffs' claims, as Defendants' Motion is granted based on the statute of limitations.

contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 127 S.Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965).

**III. Discussion**

Defendants move to dismiss Plaintiffs' claims as time-barred. Specifically, they assert that because Plaintiffs filed the Amended Complaint on March 30, 2009, and because Section 1692k(d) of the FDCPA sets forth a one-year limitations period, any claim relating to Defendants' conduct prior to March 30, 2008 must be dismissed. In their Amended Complaint, Plaintiffs claim violations of the FDCPA based on letters sent "on or about January 11, 2008" and "some time after January 1, 2008." Thus, Defendants argue that Plaintiffs' claims must fail as time-barred unless the Amended Complaint relates back to the Initial Complaint pursuant to Fed. R. Civ. P. 15(c).

Rule 15 provides, in pertinent part, that:

> An amendment to a pleading relates back to the date of the original

4

>pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading

Fed. R. Civ. P. 15(c)(1). The FDCPA does not provide for relation back, and as such, the Amended Complaint can only relate back if it asserts claims arising out of the conduct, transaction or occurrence set out in the Initial Complaint under Rule 15(c). The Third Circuit has explained that "amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading" will relate back because "application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings." Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004). However, an amendment "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Farrell v. Einemann, 2006 U.S. Dist. LEXIS 97999, *4 (D.N.J. Aug. 28, 2006) (quoting Mayle v. Felix, 125 S.Ct. 2562, 2566 (2005)).

     Here, Plaintiffs' Initial Complaint alleged violations of Section 1692g of the FDCPA based on the April 2008 Letter. The Amended Complaint alleges violations of section 1692e based on the January 2008 Letters and omits all allegations relating to Section 1692g and to the April 2008 Letter. Therefore, the claims in the Amended Complaint do not "restate the original claim with greater particularity or amplify the factual circumstances" of the claims asserted in the Initial Complaint. Bensel, 387 F.3d at 310. Indeed, the Amended Complaint asserts new grounds for relief on a new set of facts, which differ in both time and type from the claims asserted in the Initial Complaint. Accordingly, the Court finds that the Amended Complaint does not relate back

to the Initial Complaint.

Recognizing that the Amended Complaint does not relate back, Defendants argue that Plaintiffs' claims are barred by the statute of limitations, because they relate to conduct that occurred more than one year before March 30, 2009, the date on which the Amended Complaint was filed. Plaintiffs counter that their claims must survive because on January 22, 2009, Defendants were put on notice of Plaintiffs' intention to amend the Initial Complaint to include claims based on the January 2008 Letters, which "essentially tolled the statue [sic] of limitations" at that point. Pl. Opp. Br. at 4. Further, Plaintiffs argue that a question of fact exists as to when the undated January 2008 Letters were sent and received, and it is possible, therefore, that they were sent and received after January 22, 2008, thus putting them within the relevant limitations period.[3] Id. Accordingly, Plaintiffs argue, their claims must survive this Motion. The Court finds Plaintiffs' arguments unpersuasive.

"Equitable tolling, if available, can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has 'been prevented from filing in a timely manner due to sufficiently inequitable circumstances.'" Santos ex rel. Beato v. U.S., 559 F.3d 189, 197-198 (3d Cir. 2009) (citing Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999)). The sorts of inequitable circumstances sufficient to warrant tolling include situations in which: "(1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2)

---

[3] The Court notes that on a motion to dismiss, the Court must accept as true all facts as plead. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). It is a plaintiff's obligation, therefore, to demonstrate his entitlement to relief by alleging facts sufficient to state a claim. Here, there can be no questions of fact regarding the January 2008 letters because the Court accepts as true "some time after January 1, 2008" and January 11, 2008 as the relevant dates of Defendant's conduct, as these are the allegations set forth by Plaintiffs.

the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005) (internal citations omitted). A plaintiff, however, will not receive the benefit of equitable tolling unless he exercised due diligence in pursuing and preserving his claim. Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990). "[G]arden-variety claims of excusable neglect" do not warrant equitable tolling, which is an extraordinary remedy that the courts extend "only sparingly." Id. at 96; Hedges, 404 F.3d at 751.

The Court notes as a preliminary matter that a split of authority exists among the circuits regarding whether or not Section 1692k(d) of the FDCPA is a jurisdictional time limitation and whether it is therefore even subject to equitable tolling. Compare Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 262 (8th Cir. 1992) (holding that the statute of limitations is jurisdictional), with Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323 ( 7th Cir. 2000) (finding that the statute of limitations is not jurisdictional). The Third Circuit has not yet spoken on this issue, but district courts within the Circuit have recognized that this jurisdictional ambiguity should lead courts to exercise particular caution before applying equitable tolling. See Parker v. Pressler & Pressler, LLP, 2009 WL 1917410 at *11 (D.N.J. June 30, 2009) (finding the statutory construction of Section 1692k(d) to suggest a jurisdictional limitation). This Court need not reach that question today, however, as the facts of this case present no equitable circumstances sufficient to warrant tolling even if the Court were to find that the statute of limitations is not jurisdictional. Indeed, Plaintiffs assert that the statute of limitations should be tolled from the date on which they gave notice to Defendants of their intention to amend their Initial Complaint, as they had only recently received the January 2008 Letters in discovery on

7

January 19, 2009. Lacking in Plaintiffs' argument, however, is any contention that they had never received the January 2008 Letters before they were produced in discovery and that this cause of action was therefore unknown to them. To the contrary, Plaintiffs specifically allege in the Amended Complaint that both Smith and Watson received and read these letters after they were sent by Plaintiffs. See Am. Compl. ¶¶ 13, 14. Clearly then, Plaintiffs have not alleged nor can they demonstrate the sorts of extraordinary equitable considerations the Third Circuit requires to afford the remedy of tolling. Rather, Plaintiffs merely allege that they received and read the January 2008 Letters, but chose not pursue their claims in a timely manner. As such, Plaintiffs demonstrate the sort of garden-variety excusable neglect that the Third Circuit has deemed insufficient to warrant equitable tolling.

     Moreover, even if the Court were to find equitable tolling appropriate here, Plaintiffs' claims are still untimely. In Fountain v. Giove Law Office, 2006 U.S. Dist. LEXIS 93972 (D.N.J. Dec. 29, 2006) the court granted the defendant's motion to dismiss where the plaintiff failed to allege facts in his pleadings affirmatively showing that his cause of action was brought within the limitations period. Id. In that case, based on an FDCPA claim relating to allegedly harassing phone calls, the plaintiff filed her complaint on June 30, 2006 and specifically alleged that the phone calls continued "through February 2005." Id. at *6. The defendant argued that the statute of limitations would bar a claim for any acts that occurred more than one year before the date of filing, i.e., before June 30, 2005. Id. Under those facts, the court recognized that "[u]nder Third Circuit law, a statute of limitations may be raised as a defense on a 12(b)(6) motion if the 'time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' The Court finds that plaintiff's statements that the calls continued until

8

February 2005 'affirmatively' show 'that the claim is barred.'" Id. at *7 (citing Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).

Here, Plaintiffs contend that the Court should deny Defendants' Motion because questions of fact exist surrounding the dates on which the January 2008 Letters were sent and received.[4] Plaintiffs, however, have specifically alleged "some time after January 1" and "on or about January 11, 2008" as the relevant dates on which Defendants sent the letters giving rise to Plaintiffs' claims. Thus, assuming, arguendo, that the statute of limitations was tolled on January 22, 2009, Plaintiffs' own allegations affirmatively demonstrate that Defendants' conduct took place prior to January 22, 2008, more than one year before Defendants were "put on notice" of Plaintiffs' intention to amend and well before Plaintiffs filed their Amended Complaint on March 30, 2009. Accordingly, much like the plaintiff in Fountain, Plaintiffs' claims here fail as time-barred. As such, Plaintiffs' Complaint must be dismissed.

---

[4] In Mattson v. U.S. West Communications, Inc., 967 F.2d 259 (8th Cir. 1992), the Eighth Circuit held that the statute of limitations begins to run the date the letter is sent, finding that the legislative objective of the FDCPA "was to protect consumers from harassment by debt collectors . . . by regulating the conduct of debt collectors." Id. at 261. Indeed, "[o]nce [the debt collector] placed the letters in the mail, its conduct with respect to any violation of the FDCPA was complete" and the "last opportunity to comply with the FDCPA." Id. The Court finds persuasive the Eighth Circuit's reasoning that the FDCPA is designed to protect consumers by regulating the conduct of collectors. Accordingly, the date of Defendants' conduct, i.e., the date the letters were sent, is the relevant period from which the statute of limitations begins to run. See also Shivone v. Washington Mut. Bank, F.A., 2008 U.S. Dist. LEXIS 59212 at *4 (E.D. Pa. Aug. 5, 2008); Agosta v. Inovision, Inc., 2003 U.S. Dist. LEXIS 23889 at *22 (E.D. Pa. Dec. 16, 2003).

**IV. Conclusion**

      For all the foregoing reasons, Plaintiffs' Amended Complaint is dismissed.


                                               <u>/s/ Freda L. Wolfson</u>
                                               Honorable Freda L. Wolfson
                                               United States District Judge

Dated: July 14, 2009